UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00849-FDW-DCK

| | | |
|---|---|---|
| JELD-WEN, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MMG MANAGEMENT CONSULTING, INC., a | ) | |
| Nevada Corporation, dba MITCHELL | ) | |
| MADISON GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Motion to Dismiss and Compel Arbitration (Doc. No. 12) and Plaintiff's Motion to Stay and Temporarily Enjoin Arbitration Proceedings (Doc. No. 18). Defendant's motion requests the Court compel arbitration and dismiss this action. In addition to opposing Defendant's motion, Plaintiff requests this Court enjoin and stay the arbitration proceedings while Defendant's motion to dismiss is pending. Although Plaintiff's motion is not yet ripe, the Court need not await Defendant's response to rule. For the reasons that follow, Defendant's Motion is GRANTED IN PART AND DENIED IN PART, and Plaintiff's Motion is DENIED AS MOOT.

The parties agree that as part of a business agreement, they consented to an arbitration provision ("Arbitration Agreement"), which provides:

XIV. Applicable Law and Arbitration

(a) This Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina.

(b) Any dispute or claim arising out of the interpretation, performance, or breach of this Agreement, including claims for fraud, shall be resolved by binding arbitration, at the request of either Party, in accordance with the rules of Judicial

1

Arbitration and Mediation Services ("JAMS"). The arbitrators shall be retired judges or attorneys selected from a panel of persons trained and expert in the subject area of the asserted claims. If the claim seeks damages of less than $1,000,000, it shall be decided by one arbitrator. In all other cases, each Party shall select one arbitrator, who shall jointly select the third arbitrator. If for any reason a third arbitrator is not selected within one month after the Parties select their party arbitrator, the third arbitrator shall be elected in accordance with the rules of JAMS. (c) The arbitration shall be conducted in North Carolina.

. . .

(e) The arbitrators shall issue in writing and provide to the Parties an award including factual findings and the legal and factual reasons upon which their decision is based. The arbitrators shall not have the power to commit errors of fact or law or legal reasoning. The award may be reviewed, vacated, modified, or corrected for such errors by a court of competent jurisdiction. . . .

While the parties do not contest the Arbitration Agreement's existence, they disagree over whether arbitration is appropriate in this matter and also differ as to the proper procedures to engage in arbitration.

Under the Federal Arbitration Act ("FAA"), federal courts must stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. The FAA also authorizes a federal district court to issue an order compelling arbitration if there has been a failure to comply with an arbitration agreement. See 9 U.S.C. § 4. The FAA reflects a strong policy in favor of arbitration, and the Supreme Court has held that agreements that waive class claims and provide for only individual arbitration are also fully enforceable. See AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011). Under North Carolina law, "[a]n agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for revoking a contract." N.C. Gen. Stat. § 1-569.6(a).

Here, the Arbitration Agreement is valid, enforceable, and irrevocable, despite Plaintiff's arguments concerning alleged uncertain or contradictory terms. Having concluded a valid, enforceable agreement exists, the Court turns to the issue of whether this action falls within the scope of the Arbitration Agreement.

"[P]arties are generally free to structure their arbitration agreements as they see fit," Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 682 (2010) (citations and quotations omitted). Accordingly, parties "may agree to limit the issues subject to arbitration, to arbitrate according to specific rules, and to limit with whom a party will arbitrate its disputes . . . . The point of affording parties discretion in designing arbitration processes is to allow for efficient, streamlined procedures tailored to the type of dispute." AT & T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011) (internal citations and quotation marks omitted).

The terms of the arbitration are clear. The Arbitration Agreement, contained within the parties' Project Services Agreement, explicitly provides that it applies to "[a]ny dispute or claim arising out of the interpretation, performance, or breach of this [Project Services] Agreement, including claims for fraud, shall be resolved by binding arbitration, at the request of either Party . . . ." Plaintiff's Complaint expressly states "the . . . Project Services Agreement. . . *is the basis for this case* . . . ." (Complaint, Doc. No. 1, p. 2 (emphasis added)).[1] Accordingly, this dispute falls within the scope of the Arbitration Agreement. When an enforceable arbitration agreement exists,

---

[1] The Court recognizes that this statement is redacted and does not appear in the public version of the Complaint (Doc. No. 1). The quoted portion comes from the sealed version of the Complaint (Doc. No. 4). The Complaint was sealed to protect "the parties' confidential, commercially sensitive, private and proprietary information." (Doc. No. 3). In quoting this redacted statement, the Court proceeded with extreme caution, being careful to not reveal any confidential, commercially sensitive, private or proprietary information. Disclosure of this statement in this limited quoted form, however, is necessary and dispositive on the issue of whether the Arbitration Agreement governs the parties' dispute in the case at bar.

and the issues in the dispute fall within its scope, a federal district court must stay the proceedings on a party's motion to compel when the other has "failed, neglected, or refused to comply with an arbitration agreement." Gilmer v. Interstate /Johnson Lane Corp., 500 U.S. 20, 25 (1991) (citing 9 U.S.C. §§ 3, 4); see also Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002) ("A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview."). For these reasons, the Court grants Defendant's motion to compel arbitration.

Finally, the Court turns to Plaintiff's assertions that Defendant's engagement of arbitration does not comply with the terms of the Arbitration Agreement. It is well-settled law that procedural issues are appropriate to be resolved by the arbitrator and not the Court.

> The Supreme Court has instructed that "'procedural' questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) (internal quotation marks omitted). Not only would it be extremely difficult to cleanly separate disputes into "procedural" and "substantive" components, but attempting to do so would risk both duplication of effort-because "the arbitrator would ordinarily remain free to reconsider the ground covered by the court insofar as it bore on the merits of the dispute"- and delay. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 558 (1964).

Dockser v. Schwartzberg, 433 F.3d 421, 425–26 (4th Cir. 2006). The Fourth Circuit has recognized that the rules governing the arbitration proceedings are procedural disputes that "'concern neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties,' but rather 'what kind of arbitration proceeding the parties agreed to.'" Dockser, 433 F.3d at 426 (4th Cir. 2006) (quoting Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 452 (2003)). The Dockser court explained that arbitration procedure issues do not involve "a state statute or judicial procedures," but rather "contract interpretation and arbitration procedures,"

which "arbitrators are well situated to answer." Id. at 452-53. Accordingly, this Court expressly declines to offer any opinion whatsoever as to the appropriate procedures to be applied the parties' arbitration, so that Plaintiff may reassert its arguments before the arbitrator.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Arbitration is GRANTED. Defendant's request for dismissal is DENIED; instead, the Court will STAY the instant case. Stated otherwise, the parties shall proceed with arbitration, and this matter shall be stayed pending that arbitration. Accordingly, Defendant's Motion (Doc. No. 12) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the parties shall jointly prepare and submit a status report to this Court every ninety (90) days from the date of this Order to provide an update on the progress of arbitration. This dispute must be resolved within twelve (12) months from the date of this Order.[2] Failure to do so will result in Court action.

In light of this ruling, Plaintiff's Motion to Temporarily Enjoy and Stay Arbitration Proceedings (Doc. No. 18) is DENIED AS MOOT. Plaintiff's Motion to Seal (Doc. No. 24) is GRANTED.

IT IS SO ORDERED.

Signed: February 15, 2017

Frank D. Whitney
Chief United States District Judge

---

[2] Under this Court's standing orders, the Court's timeline sets trial in civil cases approximately twelve (12) months from the filing of the complaint. Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Misc. No. 3:07-MC-47. The time limit is put in place to protect all parties' interests and promote judicial efficiency.